24th JDC Civil Fax Filed:10/12/2020 14:25:54 Case:811078 Div:E ID:47251

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. Division:

1025 CANAL STREET, LLC

VERSUS

CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NUMBER AMR-66147, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, SAFETY SPECIALTY INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, AND OLD REPUBLIC UNION INSURANCE COMPANY

____________________ ____________________

Filed DEPUTY CLERK

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff 1025 CANAL STREET, LLC ("1025 Canal"), a domestic limited liability company authorized to do business in Louisiana with its principal place of business in Metairie, Louisiana. 1025 Canal respectfully represents upon information and belief as follows:

## VENUE

1. Venue in this Court is proper pursuant to Louisiana Code of Civil Procedure § 76.1 because the insurance policy at issue was issued to 1025 Canal at its principal place of business in Metairie, Louisiana.



Exhibit 1

24th JDC Civil Fax Filed:10/12/2020 14:25:54 Case:811078 Div:E ID:47251

## PARTIES

2. Plaintiff herein is 1025 Canal Street, LLC, a domestic limited liability company organized in the State of Louisiana authorized to do and doing business in the State of Louisiana, with its principal place of business in Metairie, Louisiana, located in Jefferson Parish, Louisiana.

3. Made defendants herein are the following (all defendants are collectively referred to as "Underwriters"):

a. Certain Underwriters at Lloyd's, London subscribing to policy number AMR-66147, composed of separate syndicates in turn comprised of corporations and/or individuals operating in the marketplace known as Lloyd's of London, who are citizens of various foreign nations and/or U.S. states, and are authorized to conduct insurance business in the state of Louisiana and within the jurisdiction of this Honorable Court.

b. Indian Harbor Insurance Company, a North Dakota insurance company with its principal place of business at 70 Seaview Avenue, Stamford Connecticut 06902.

c. QBE Specialty Insurance Company, a North Dakota insurance company with its principal place of business located at 88 Pine Street, 16th Floor, Wall Street Plaza, New York, New York 10005.

24th JDC Civil Fax Filed:10/12/2020 14:25:54 Case:811078 Div:E ID:47251

d. Steadfast Insurance Company, a Delaware insurance company with its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.

e. General Security Indemnity Company of Arizona, an Arizona insurance company with its principal place of business located 199 Water Street, Suite 2100, New York, New York 10038.

f. United Specialty Insurance Company, a Delaware insurance company with its principal place of business located 1900 L. Don Dodson Drive, Bedford, Texas 76021.

g. Lexington Insurance Company, a Delaware insurance company with its principal place of business located at 99 High Street, 23rd Floor, Boston, Massachusetts 02110.

h. Safety Specialty Insurance Company, a Missouri insurance company with its principal place of business located at 1832 Schuetz Road, St. Louis, MO 63146.

i. HDI Global Specialty SE, a foreign insurance company with its principal place of business located at Roderbruchstrasse 26, 30655 Hannover, Germany, authorized to do and doing business under the laws of the State of Louisiana and within the jurisdiction of this Honorable Court.

j. Old Republic Union Insurance Company, an Illinois insurance company with its principal place of business located at 307 North Michigan Avenue, Chicago, Illinois 60601.

**THE POLICY**

4. 1025 Canal is and was, at all relevant times, the owner of a building located at 1019-1025 Canal Street in the City of New Orleans (collectively referred to as the "Property"). The Property is a three story, load bearing brick and timber structure constructed during the late 19th century. It is located adjacent to the partially constructed Hard Rock Hotel located at 1031 Canal ("1031 Canal").

5. Underwriters issued to 1025 Canal, as one of multiple named insureds on the Policy, at its principal place of business, commercial property insurance coverage for all risks of direct physical loss or damage to insured property located at 1019-1025 Canal Street, unless specifically excluded.

6. This insurance was issued on a quota share basis, with each insurer assuming a percentage of the total risk insured and, although written as a single policy, is identifiable by each of the following Policy Numbers, depending on which of the Underwriters is referenced: AMR-66147, AMP7536133—00, MSP—27731, CPP11062488—00, 10T029659—11447—19—00, USI—24637—00, LEX—014714048—00, SSI—15945—00, HAN—22026—00, and ORAMPR006951—00 (collectively referred to as the "Policy").

7. The Policy was in effect from March 24, 2019 to March 24, 2020. A copy of the Policy is attached hereto as **Exhibit A**.

8. The Policy's coverage is subject to a limit of $208,045,000 and provides coverage on an Actual Cash Value or Repair or Replacement Cost Value basis, depending on the election of the insured.



24th JDC Civil Fax Filed:10/12/2020 14:25:54 Case:811078 Div:E ID:47251

9. The Policy provides coverage for "all risks of direct physical loss or damage to Covered Property, except as excluded."

10. The Policy also contains Law and Ordinance coverage, providing coverage for damages in the event of direct physical loss and resulting "in the enforcement of any law, ordinance, governmental directive or standard in effect at the time of loss or damage regulating the construction, repair or use and occupancy of the property."

**THE LOSS**

11. On October 12, 2019, the top ten stories of the eighteen story 1031 Canal building suddenly collapsed while under construction. The collapse caused the death of three individuals and injured countless others.

12. The collapse occurred on the Canal and North Rampart sides of the building, with rubble and debris falling throughout the area. Also damaged during the collapse were two tower cranes being used to construct 1031 Canal. Though the two cranes were not completely comprised, they were significantly deformed and posed a significant threat to people and property not already damages.

13. In order to secure the two cranes, the City of New Orleans and State of Louisiana ordered that the cranes be removed through the use of explosive demolition. Governor John Bel Edwards issued a proclamation on October 18, 2019 declaring a state of emergency and ordering that the cranes be brought down immediately.



24th JDC Civil Fax Filed:10/12/2020 14:25:54 Case:811078 Div:E ID:47251

14. Pursuant to the order, the tower cranes were successfully demolished with explosives on October 20, 2019.

15. As a result of the force and vibration associated with the 1031 collapse and initial crane implosion efforts, the Property suffered direct physical loss and related property damage, including, but not limited to, cracking within the Property (the "Loss").

16. With the cranes gone, the owner of the 1031 Canal project, the City of New Orleans, and the State of Louisiana developed a plan to safely secure and demolish the collapsed 1031 Canal structure, which was approved by the court on May 4, 2020. A copy of the court's order is attached hereto as **Exhibit B**.

17. On May 5, 2020, in association with the demolition plan, the Fire Chief for the City of New Orleans issued an emergency order also requiring demolition of the surrounding buildings within the "Red Zone," among those being the Property, which would be unavoidably damaged during the process of demolishing the structure at 1031 Canal. A copy of that emergency order is attached hereto as **Exhibit C**.

18. Demolition of the Property began on or around May 15, 2020 and was completed on or around the first week of June 2020.

**THE CLAIM**

19. 1025 Canal timely notified Underwriters of the Loss and the subsequent requirement to demolish the Property.

24th JDC Civil Fax Filed:10/12/2020 14:25:54 Case:811078 Div:E ID:47251

24th JDC Civil Fax Filed:10/12/2020 14:25:54 Case:811078 Div:E ID:47251

20. On February 25, 2020, 1025 Canal formally submitted a claim to Underwriters for the full amount of the Loss, seeking coverage for damage at 1019-1025 Canal Street under the Policy's general coverage grant for property damage as well as compensation under the Policy's Ordinance of Law Coverage (the "Claim").

**UNDERWRITERS' INVESTIGATION OF THE CLAIM**

21. Underwriters retained Sedgwick Claims Management Services ("Sedgwick") to adjust the Loss, who then contracted with Leonard C. Quick & Associates, Inc. ("Quick") to prepare a structural damage evaluation for the Loss.

22. Quick's report, issued April 7, 2020, stated that the Property suffered damage including "cracks and separations through the interior finishes, structural walls, and floating concrete/slab floor." A copy of Quick's report is attached hereto as **Exhibit D**.

23. 1025 Canal also secured its own engineer, Walter F. Zehner, III, P.E., to investigate and assess the property damage to the Property.

24. Like Quick, Mr. Zehner concluded that there were a number of cracks in the building that may have resulted from the collapse at 1031 Canal. A copy of a letter Mr. Zehner prepared after examining the Property is attached hereto as **Exhibit E**.

25. Underwriters has made no attempt to discuss the discrepancies in the damage estimates with Mr. Zehner or 1025 Canal.

**UNDERWRITERS' DENIAL OF THE CLAIM**

24th JDC Civil Fax Filed:10/12/2020 14:25:54 Case:811078 Div:E ID:47251

26. Despite Mr. Zehner's report and information from 1025 Canal which directly conflicted with the conclusions of Quick's report, Sedgwick, on behalf of Underwriters, officially denied the Claim by letter dated August 4, 2020.

27. To date, Underwriters has made no payment to 1025 Canal for the Loss.

28. Underwriters are in breach of the contractual obligations owed to 1025 Canal under the Policy and owe 1025 Canal compensation for the full value of the Claim, as well as all consequential damages resulting from Underwriters' extensive and unreasonable delay in paying this Claim.

**UNDERWRITERS' BAD FAITH ADJUSTING**

29. Throughout the claims process, 1025 Canal attempted to work with Underwriters to provide evidence of direct physical damage at the Property as a result of the 1031 Canal collapse.

30. 1025 Canal further retained the services of Mr. Zehner to assess damage to the Property and provide Underwriters with his professional opinion.

31. Despite receiving Mr. Zehner's opinion dated May 29, 2020, the assertions supporting coverage in Quick's report, and independently reviewing the damage to the Property during a site visit, Underwriters arbitrarily and capriciously denied coverage to 1025 Canal for the total value of the Claim on the basis that the Property did not suffer physical damage.

32. Underwriters further ignored and misapplied the plain language of the Policy which provides coverage for risks of direct physical loss unless expressly excluded and for damages

24th JDC Civil Fax Filed:10/12/2020 14:25:54 Case:811078 Div:E ID:47251

arising out of the "enforcement of any law, ordinance, governmental directive or standard…regulating the construction, repair or use and occupancy of the property."

33. Underwriters' denial is the latest in a series of denials issued to named insureds under the Policy, evidencing a scheme and intent to avoid payment for losses of significant value that are clearly covered under the Policy in an effort to maintain profits and reserves.

34. Underwriters has acted arbitrarily, capriciously, unjustifiably, vexatiously, unreasonably, and without probable case in failing to pay amounts owed under the Policy promptly; in failing to properly investigate the claims, in unreasonably delaying adjustment of the claims; in misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue; and in other acts and omissions to be shown at trial, all in violation of the Policy and Louisiana law, including La. R.S. § 22:1892 and La R.S. § 22:1973.

**COUNT 1 – DECLARATORY RELIEF**

35. The allegations of paragraph 1-34 are incorporated and realleged as if fully set forth herein.

36. An actual and justiciable controversy exists between 1025 Canal and the Underwriters regarding the terms and conditions of coverage and payment under the Policy and the proper adjustment of the Claim.

37. This controversy is ripe and of sufficient immediacy to justify the issuance of a declaratory judgment.

24th JDC Civil Fax Filed:10/12/2020 14:25:54 Case:811078 Div:E ID:47251

38. 1025 Canal is entitled to an order from this Court declaring the rights and obligations of the parties, including but not limited to a declaration that 1025 Canal is an insured under the Policy and is entitled to full payment by Underwriters of the full amount of the Claim submitted.

## COUNT 2 – BREACH OF CONTRACT

39. The allegations of paragraph 1-38 are incorporated and realleged as if fully set forth herein.

40. 1025 Canal timely submitted its Claim for the aforementioned Loss to Underwriters and has fulfilled all other pertinent terms and conditions under the Policy.

41. Underwriters has failed to comply with its obligations under the Policy and, as such, are in breach of the terms of the Policy.

42. As a direct result of Underwriters' breach of the Policy, 1025 Canal has been damaged and continues to suffer significant damages.

43. 1025 Canal is entitled to an award of the full value of the Claim, all other compensatory damages, attorneys' fees, pre- and post- judgment interest, and other relief as this Court may deem just and proper.

## COUNT 3 – BAD FAITH

44. The allegations of paragraph 1-43 are incorporated and realleged as if fully set forth herein.

45. Underwriters' breach of the Policy under which 1025 Canal is an insured constitutes bad faith and, pursuant to Article 1997 of the Louisiana Civil Code, Underwriters is an obligor in

24th JDC Civil Fax Filed:10/12/2020 14:25:54 Case:811078 Div:E ID:47251

bad faith and, accordingly, 1025 Canal is entitled to all damages, whether foreseeable or not, that are a direct result of the Insurer's failure to perform, including attorneys' fees.

46. Pursuant to La. R.S. § 22:1892(A)(1), Underwriters was obligated to pay 1025 Canal any amounts owed to 1025 Canal within thirty (30) days of receipt of proof of the loss and have failed to do so.

47. As a result of such failure – which was arbitrary, capricious, unjustifiable, vexatious, unreasonable, and without probable case – Underwriters is liable for all amounts due under the Policy, plus up to fifty percent (50%) of the amount found to be due to 1025 Canal, as well as all reasonable attorneys' fees and costs incurred in the prosecution of this action.

48. Pursuant to La. R.S. § 22:1892(A), Underwriters owed 1025 Canal a duty of good faith and fair dealing, an affirmative duty to adjust 1025 Canal's claims fairly and promptly, and a duty to make a reasonable effort to settle claims with 1025 Canal. Because Underwriters breached these duties, it is liable to 1025 Canal for all damages as a result of the breaches, including, but not limited to, those specified in La. R.S. § 22:1973(C).

49. Pursuant to La. R.S. § 22:1973(B), Underwriters breached its duty of good faith and fair dealing to 1025 Canal and its affirmative duty to adjust claims fairly and promptly when they failed to pay 1025 Canal within sixty (60) days of receipt of satisfactory proof of the loss.

50. Moreover, such failure was arbitrary, capricious, unjustifiable, vexatious, unreasonable, and without probable case.

24th JDC Civil Fax Filed:10/12/2020 14:25:54 Case:811078 Div:E ID:47251

51. Underwriters further breached its duty of good faith and fair dealing to 1025 Canal and its affirmative duty to adjust claims fairly and promptly by misrepresenting and/or arbitrarily denying coverage for 1025 Canal's claim.

52. As a result, Underwriters is liable for penalties in the amount of two times the damages sustained by 1025 Canal, among other damages.

53. In the alternative, if this Court determines that any of the items described in the preceding paragraphs are not "special damages" under the meaning of La. R.S. § 22:1973(C), 1025 Canal seeks to recover for those items as consequential damages, pursuant to Article 1997 of the Louisiana Civil Code.

## ATTORNEYS' FEES AND COSTS

54. In addition to a judgment representing the total value of the Claim, all damages and penalties identified previously herein, and all statutory penalties and costs allowed by law, 1025 Canal is entitled to recover all attorneys' fees and costs under the terms of the Policy and/or Louisiana law, costs incurred to file suit and pursue amounts owed from Underwriters, and any and all other costs incurred by 1025 Canal as a result of the acts or omissions to be shown in this matter.

## JURY DEMAND

1025 Canal demands a trial by jury of this matter for all issues so triable.

24th JDC Civil Fax Filed:10/12/2020 14:25:54 Case:811078 Div:E ID:47251

**WHEREFORE**, Plaintiff, 1025 Canal, LLC prays that its Petition for Damages be deemed good and sufficient and that after due proceedings there be Judgment in its favor and against Underwriters, either collectively or individually, as deemed appropriate by this Court, for damages, penalties, and attorneys' fees in a sum that is reasonable and appropriate, together with legal interest from date of judicial demand until paid, for all costs of these proceedings and for all other general, legal and equitable relied as the nature of this case permits.

Respectfully submitted,

Harold E. Weiser

Harold E. Weiser III (LA Bar #32762)
**Weiser Law Firm, LLC**
3801 Canal Street Suite 205
New Orleans, LA 70119
Phone: 504-358-2273
Fax: 888-778-1541
legal@weiser-law-firm.com
***Counsel for Plaintiff***

**PLEASE SERVE THE FOLLOWING DEFENDANTS:**

1. **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**
   via Long Arm Statute
   Through its Registered Agent
   Mendes and Mount
   750 Seventh Avenue
   New York, NY 10019-6829

2. **INDIAN HARBOR INSURANCE COMPANY** via Long Arm Statute

24th JDC Civil Fax Filed:10/12/2020 14:25:54 Case:811078 Div:E ID:47251

Through its Registered Agent
Sarah Mims, General Counsel
Indian Harbor Insurance Company
505 Eagleview Boulevard, Suite 100
Exton, PA 19341-1120

3. **QBE Specialty Insurance Company**
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

4. **STEADFAST INSURANCE COMPANY** via Long Arm Statute
Through its Registered Agent
General Counsel, Law Department
Steadfast Insurance Company
1299 Zurich Way
Schaumburg, IL 60196

5. **GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA** via Long Arm Statute
Through its Registered Agent
General Security Company of Arizona
One Seaport Plaza
199 Water Street
New York, NY 10038-3526
Attn: Henry Klecan, CEO

6. **UNITED SPECIALTY INSURANCE COMPANY** via Long Arm Statute
Through its Registered Agent

United Specialty Insurance Company
1900 L. Dodson Drive
Bedford, TX 76021
Attn: Terry Ledbetter

7. **LEXINGTON INSURANCE COMPANY** via Long Arm Statute
Through its Registered Agent
Lexington Insurance Company
99 High Street
Boston, MA 02110
Attn: Division Executive, Commercial Property

8. **SAFETY SPECIALTY INSURANCE COMPANY** via Long Arm Statute
Office of General Counsel
Safety National Insurance Company
1832 Schuetz Road
St. Louis, MO 63146

9. **HDI GLOBAL SPECIALTY SE** via Long Arm Statute
Through its Registered Agent
HDI Global Specialty SE
c/o Drinker Biddle & Reath LLP
117 Avenue of the America, 41st Floor
New York, NY 10036-2714
Attn: Ms. Andrea Best

10. **OLD REPUBLIC UNION INSURANCE COMPANY** via Long Arm Statute
Old Republic Specialty Insurance Underwriters, Inc.
c/o Office of General Counsel
307 North Michigan Avenue
Chicago, IL 60601

24th JDC Civil Fax Filed:10/12/2020 14:25:54 Case:811078 Div:E ID:47251